UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELITE ROOFING AND RESTORATION
LLC, a/a/o Mike Schuchman and Myron
Schuchman

    Plaintiff,

v.                                                                                Case No.:  2:19-cv-352-FtM-38MRM

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Metropolitan Casualty Insurance Company's Motion to Dismiss Petition (Doc. 24). Plaintiff Elite Roofing and Restoration LLC has not responded, and the time to do so has expired.

Elite Roofing filed this declaratory judgment action to determine whether an insurance policy covers certain property damage caused by Hurricane Irma. (Doc. 5). Metropolitan issued the policy to Mike and Myron Schuchman. The Schuchmans filed a claim for the damage with Metropolitan, then assigned it to Elite Roofing. Metropolitan denied coverage, Elite Roofing sued in state court to determine its rights under the policy,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

and Metropolitan removed the case. (Doc. 1). As a result, this Court must apply Florida substantive law and federal procedural law. *See Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1938). Yet in its Motion, Metropolitan relies on the Florida procedural laws it eschewed by removing the case.[2]

Metropolitan first argues the Complaint should be dismissed because it does not satisfy the requirements of Florida's declaratory judgment statutes. (Doc. 24 at 2-5). But federal courts must apply the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1138 (11th Cir. 2005). And cases that actionable under the Declaratory Judgment Act need not be authorized by the procedures of the forum state. *Allstate Ins. Co. v. Prasad*, 991 F.2d 669, 671 (11th Cir. 1993). Metropolitan thus foreclosed its state law argument when it removed this case to federal court, and it does not assert that the Complaint is deficient under federal law. What is more, Metropolitan complains that if the Court allows Elite Roofing to go forward with its declaratory judgment claim, Metropolitan will be unable to benefit from Florida's offer of judgment procedure, codified at Fla. Stat. § 768.79. (Doc. 24 at 5-6). Of course, Metropolitan itself took that option off the table by removing the case to federal court.

Metropolitan next argues that Elite Roofing lacks standing to sue because Mike Schuchman does not own the insured property. (Doc. 24 at 6-7). In support, Metropolitan attached a warranty deed and a Lee County Property Appraiser listing and requests that the Court take judicial notice of these documents under Fla. Stat. § 90.202, a state

---

[2] When an attorney files a motion in federal court, she certifies that it has a legal basis. FED. R. CIV. P. 11(b); *see also Pierce v. Commercial Warehouse*, 142 F.R.D. 687, 690 (M.D. Fla. 1992) ("A court has the right to expect that counsel will state the controlling law fairly and fully."). The Court admonishes counsel for Metropolitan to note the jurisdiction in which she appears and to cite appropriate legal authority in all future filings.

procedural statute not applicable here. The Court declines to consider the Metropolitan's exhibits now. Anyhow, Elite Roofing's standing is based on an assignment of policy benefits made by Mike and Myron Schuchman. The Complaint alleges that both Schuchmans were insured by Metropolitan, and the Court must accept this allegation as true in deciding the Motion. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012). Metropolitan has offered no evidence that Mike Schuchman was not a named insured in the policy. Its attack on Elite Roofing's standing thus fails.

Finally, Metropolitan argues that the case should be dismissed because Elite Roofing did not comply with a Florida procedural rule that would require it to attach a copy of the policy to the Complaint. (Doc. 24 at 7-8). But Metropolitan is foiled once again by its removal to federal court, where exhibits to a complaint are permissive, not mandatory. *See Centennial Bank v. Bakerfield Custom Homes Corp.*, No. 8:17-cv-1721-T-27JSS, 2018 WL 461098, at *2 (M.D. Fla. Jan. 16, 2018).

Accordingly, it is now

**ORDERED:**

Defendant Metropolitan Casualty Insurance Company's Motion to Dismiss Petition (Doc. 24) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of July, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record